UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CORNELL MCKENZIE,

      Petitioner,

v.                                     Case No. 5:05-cv-250-Oc-10GRJ

WARDEN, FCC COLEMAN-USP,

      Respondent.

## **ORDER DISMISSING PETITION**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that he was deprived of his Fifth Amendment due process rights in a disciplinary hearing.[1]  Petitioner is seeking a declaratory judgment that Respondent violated his due process rights and requests the Court to void the results of his disciplinary hearing. (Doc. 1).  Now before the Court is Respondent's Motion to Dismiss Petition, or in the Alternative, Response to Petition. (Doc. 7).  The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings

---

[1] Specifically, Petitioner alleges he was deprived of due process rights when (1) he was denied advanced written notice of the charges against him; (2) he was denied an initial Unit Discipline Committee hearing; (3) he was denied advanced notice of a hearing before the Disciplinary Hearing Officer; (4) he was denied access to a staff representative; and (5) he was denied his right to present a critical witness. (Doc. 1, pgs. 2-3).

demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record.  See Habeas Rule 8(a).[2]

In this case, the disciplinary hearing officer (DHO) found Petitioner guilty of possession of a weapon.  However, Petitioner's disciplinary findings and sanctions did not have an impact upon his duration of confinement.  The DHO sanctioned Petitioner to sixty days segregation, but this sanction was suspended provided that Petitioner maintain good conduct.  Petitioner ultimately did not serve any time in disciplinary segregation because he maintained good conduct.  Petitioner also was sanctioned with a sixty day loss of commissary privileges and a sixty day impound of personal property.  (Doc. 7-2, Ex. 3).

"[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The only relief that can be gained in a habeas action is an immediate or speedier release from custody.  Petitioner is not challenging the fact or duration of his confinement.  Therefore, the Court concludes that Petitioner's allegations are not consistent with a Petition for the Writ of Habeas Corpus.  See Muhammed v. Close, 540 U.S. 749 (2004)(the favorable-termination requirement of

---

[2] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under §2241.

Heck v. Humphrey, 512 U.S. 477 (1994) does not apply categorically to all suits challenging disciplinary actions).

Accordingly, Respondent's Motion to Dismiss (Doc. 7) is **GRANTED** and the Petition is **DISMISSED without prejudice** to the Petitioner's right to re-file his claims in a civil rights complaint.[3]  The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 8th day of May 2006.

_____
UNITED STATES DISTRICT JUDGE

c:  Cornell McKenzie
    Counsel of Record

---

[3] In his reply, Petitioner requests the Court construe his petition as a civil rights complaint. However, the Court is unable to construe this case as a civil rights claim because Petitioner has already paid the $5.00 filing fee required in a habeas corpus proceeding. Effective April 9, 2006, the required filing fee for a civil rights case is $350.00.